UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RUBEN D. RAMIREZ,                          :

                 Plaintiff,          :          12 Civ. 2694 (GBD) (AJP)

           -against-              :          **REPORT AND RECOMMENDATION**

MICHAEL J. ASTRUE, Commissioner of         :
Social Security,
                          :
            Defendant.
                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ANDREW J. PECK, United States Magistrate Judge:**

**To the Honorable George B. Daniels, United States District Judge:**

        Pro se plaintiff Ruben D. Ramirez brings this action pursuant to § 205(g) of the

Social Security Act, 42 U.S.C. § 405(g), challenging the final decision of the Commissioner of

Social Security (the "Commissioner") denying him Supplemental Security Income ("SSI") and

Disability Insurance Benefits ("DIB").  (Dkt. No. 2: Compl.)  Presently before the Court is the

Commissioner's motion to remand the case for further administrative proceedings pursuant to the

fourth sentence of 42 U.S.C. § 405(g).  (Dkt. No. 18: Notice of Motion.)

        For the reasons set forth below, the Commissioner's motion should be <u>GRANTED</u>.

## BACKGROUND

        On April 30, 2009, Ramirez filed for SSI and DIB, claiming that he suffered from

a mental disability since August 1, 2007.  (<u>See</u> Dkt. No. 17: Admin. Record filed by Comm'r ("R.")

10, 14.)  The  Social Security Administration denied his initial claim because it found Ramirez was

2

not disabled.  (R. 50-55.)  At Ramirez's request (R. 56), a hearing was held before Administrative Law Judge ("ALJ") Joseph K. Rowe on July 14, 2010 (R. 27-46).  ALJ Rowe found Ramirez was not entitled to disability benefits.  (R. 7, 10-16.)  Ramirez requested a review of ALJ Rowe's decision based on "new evidence in the form of hospital records."  (R. 5.)  The Appeals Council denied Ramirez's request for review, noting that it had received Ramirez's new evidence and was making it part of the record.  (R. 1-4; see also R. 211-40.)

   Ramirez filed this action on April 4, 2012.  (Dkt. No. 2: Compl.)  The Commissioner now moves for remand, asserting that ALJ Rowe failed to develop the administrative record properly and that further proceedings are necessary to determine whether Ramirez is entitled to disability benefits.  (Dkt. No. 18: Notice of Motion; Dkt. No. 19: Comm'r Br. at 1, 8-10.) Specifically, the Commissioner concedes that ALJ Rowe erred by failing to obtain the medical records from Ramirez's treating mental health source, Columbia Presbyterian Hospital.  (Comm'r Br. at 5-7; see also id. at 8: "The Commissioner acknowledges that the record before ALJ was not fully developed.").  In opposition, Ramirez argues the motion should be denied because he has already participated in administrative proceedings.  (Dkt. No. 21: Ramirez Opp. Aff. ¶ 3.)

## ANALYSIS

   The Commissioner seeks remand under sentence four of 42 U.S.C. § 405(g), which provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).

   It is the "well-established rule in [the Second] circuit" that the ALJ must develop the record:

3

> [I]t is the well-established rule in our circuit "that the social security ALJ, unlike a judge in a trial, must on behalf of all claimants . . . affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding." Lamay v. Comm'r of Soc. Sec., 562 F.3d 503, 508-09 (2d Cir. 2009) (internal quotation marks and brackets omitted)[, cert. denied, 130 S. Ct. 1503 (2010)]; accord Butts v. Barnhart, 388 F.3d 377, 386 (2d Cir. 2004), reh'g granted in part and denied in part, 416 F.3d 101 (2d Cir. 2005); Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996); see also Gold v. Sec'y of Health, Educ. & Welfare, 463 F.2d 38, 43 (2d Cir. 1972) (pro se claimant).  Social Security disability determinations are "investigatory, or inquisitorial, rather than adversarial."  Butts, 388 F.3d at 386 (internal quotation marks omitted).  "[I]t is the ALJ's duty to investigate and develop the facts and develop the arguments both for and against the granting of benefits."  Id. (internal quotation marks omitted); accord Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1999).

Moran v. Astrue, 569 F.3d 108, 112-13 (2d Cir. 2009).[1/]  This duty is elevated when the claimant is pro se:

> When a claimant properly waives his right to counsel and proceeds pro se, the ALJ's duties are "heightened."  The ALJ must "adequately protect a pro se claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered" and by "scrupulously and conscientiously prob[ing] into, inquir[ing] of, and explor[ing] for all the relevant facts."  And when a claimant appears pro se and is otherwise impaired, we must "make a searching investigation of the record to make certain that the claimant's rights have been adequately protected."

Moran v. Astrue, 569 F.3d at 113 (citations & fn. omitted).[2/]

---

[1/]    See also, e.g., 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. §§ 404.1512(d), 416.912(d); Lowry v. Astrue, 474 F. App'x 801, 804 (2d Cir. 2012); Drake v. Astrue, 443 F. App'x 653, 656 (2d Cir. 2011); Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008); Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996); Echevarria v. Sec'y of Health & Human Servs., 685 F.2d 751, 755 (2d Cir. 1982); Jennings v. Astrue, 11 Civ. 0887, 2011 WL 4552431 at *11 (S.D.N.Y. Oct. 3, 2011) (Peck, M.J.), report & rec. adopted, 2011 WL 5843482 (S.D.N.Y. Nov. 21, 2011); Kercado v. Astrue, 08 Civ. 478, 2008 WL 5093381 at *1 (S.D.N.Y. Dec. 3, 2008) ("It is well settled that the ALJ has an affirmative duty to develop the record in a disability benefits case and that remand is appropriate where this duty is not discharged."); Torres v. Barnhart, 02 Civ. 9209, 2007 WL 1810238 at *9 (S.D.N.Y. June 25, 2007) (Peck, M.J.) (& cases cited therein).

[2/]    Accord, e.g., Jennings v. Astrue, 2011 WL 4552431 at *11; Kercado v. Astrue, 2008 WL 5093381 at *1 ("'[W]hen the claimant is unrepresented, the ALJ is under a heightened duty
(continued...)

"In cases 'in which the primary problem with the decision below is that the ALJ failed adequately to develop the record before her,' remand is appropriate pursuant to sentence four" of 42 U.S.C. § 405.  Curto v. Astrue, 07 Civ. 3711, 2008 WL 564628 at *2 (S.D.N.Y. Mar. 3, 2008) (quoting Rosa v. Callahan, 168 F.3d 72, 83 n.8 (2d Cir. 1999) (Sotomayor, C.J.)).[3]

The Commissioner concedes that ALJ Rowe insufficiently developed the record by failing to acquire the medical records from Ramirez's treating mental health source, Columbia Presbyterian Hospital.  (See page 2 above.)  Indeed, a review of the administrative record reveals that ALJ Rowe did not obtain copies of these medical records despite multiple indications in the record that Ramirez was being treated regularly at Columbia Presbyterian Hospital.  (Dkt. No. 17: R. 14, 31, 37, 165, 209.)[4]

---

[2]        (...continued)
"to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts.'"'); Tavera v. Astrue, 07 Civ. 3660, 2008 WL 2009244 at *2 (S.D.N.Y. May 8, 2008).

[3]        Accord, e.g., Lamorey v. Barnhart, 158 F. App'x 361, 362 (2d Cir. 2006) ("Generally, when an ALJ fails adequately to develop the record, we remand for further proceedings."); Henderson v. Astrue, 07 Civ. 10564, 2011 WL 197213 at *19 (S.D.N.Y. Jan. 19, 2011); Kercado v. Astrue, 2008 WL 5093381 at *1; Pronti v. Barnhart, 339 F. Supp. 2d 480, 497 (W.D.N.Y. 2004) ("The Court, though, is not powerless to deal with a situation where the record needs amplification or where new evidence has been produced on a material issue. The remedy, often utilized in reviewing Social Security appeals, is to remand the case to the Commissioner to take additional evidence."); Guzman v. Comm'r of Soc. Sec., No. 01-CV-1987, 2001 WL 1525259 at *3 (E.D.N.Y. Nov. 2, 2001).

[4]        See, e.g., Kercado v. Astrue, 2008 WL 5093381 at *2 (ALJ insufficiently developed the record by "failing to acquire the records from each of [plaintiff's] hospitalizations" where there were "indications in the record that [plaintiff] had been hospitalized on multiple occasions"); Henderson v. Astrue, 2011 WL 197213 at *19 (ALJ insufficiently developed the record by "failing to obtain additional records from [the] Hospital" where plaintiff "testified at the hearing that he was treated for these injuries at [the] Hospital"); Nunez v. Astrue, 07 Civ. 11075, 2009 WL 857616 at *6 (S.D.N.Y. Mar. 27, 2009) (ALJ insufficiently developed the record where it was devoid of plaintiff's doctor's treatment notes and reports
(continued...)

Accordingly, ALJ Rowe failed to fulfill his duty and the case should be remanded to the Commissioner for further proceedings.  See, e.g., Woodhouse v. Astrue, 07 Civ. 7193, 2009 WL 2575892 at *4 (S.D.N.Y. Aug. 20, 2009) (Daniels, D.J. & Pitman, M.J.) (granting motion to remand where "the ALJ did not obtain a report from plaintiff's treating psychiatrist . . . and thereby failed to develop the record"); Kercado v. Astrue, 2008 WL 5093381 at *2 (granting motion to remand where "the Commissioner concedes that the ALJ insufficiently developed the record by [] failing to acquire the records from each of [plaintiff's] hospitalizations").[5/]

While remand unfortunately will delay Ramirez from obtaining any benefits, remand is to Ramirez's benefit, since on the current administrative record the Court would be unable to reverse the Commissioner's decision and award Ramirez benefits.[6/]  See, e.g., Nunez v. Astrue, 2009

---

[4/]     (...continued)
despite testimony that the doctor treated plaintiff for eight months).

[5/]     See also, e.g., Rosa v. Callahan, 168 F.3d at 83; Henderson v. Astrue, 2011 WL 197213 at *19 (granting motion to remand where "the ALJ erred in failing to obtain additional records from" plaintiff's treating hospital); Nunez v. Astrue, 2009 WL 857616 at *6 (granting motion to remand where "reports from two of [plaintiff's] treating sources . . . are absent from the record"); Tavera v. Astrue, 2008 WL 2009244 at *2-3 (granting motion to remand where ALJ failed to sufficiently develop the record); Guzman v. Comm'r of Soc. Sec., 2001 WL 1525259 at *3 (granting motion to remand where administrative record contained gaps).

[6/]     The evidence supporting ALJ Rowe's decision includes Ramirez's own testimony that he regularly attended college classes (R. 33-34, 36), had no physical problems (R. 38), could socialize and use a computer (R. 41), was capable of performing simple sales jobs (R. 34, 39), and made weekly representations that he was "ready and willing to work" while he collected unemployment benefits for 99 weeks (R. 35).  A consulting psychologist also reported:  "The claimant appears able to follow and understand simple directions and instructions.  He is able to perform simple tasks independently.  He appears able to maintain his attention and concentration for tasks.  He appears able to maintain a regular schedule.  He appears able to perform complex tasks independently."  (R. 167.)  Likewise, a state agency mental health expert concluded that Ramirez is capable of performing substantial gainful activity in a simple entry level job.  (R. 199.)

WL 857616 at *7 ("[T]here is considerable evidence in the record tending to support a finding of non-disability. . . .   The Court therefore cannot say, as a matter of law, that [plaintiff] is entitled to benefits.").[7/]  Thus, remanding the case for further proceedings is, at this juncture, the best possible outcome for Ramirez.  See, e.g., Tavera v. Astrue, 2008 WL 2009244 at *2 ("Because this is not a case in which the record below contains persuasive proof of [plaintiff's] eligibility vel non for SSI, remand might well serve a useful purpose.  As the Commissioner rightly observes, if [plaintiff] is unsatisfied with the result on remand, he will have the right to pursue administrative and judicial review of the SSA's new decision." (citation omitted)).[8/]

---

[7/]     Accord, e.g., Rivera v. Barnhart, 423 F. Supp. 2d 271, 279 (S.D.N.Y. 2006) ("Here, as the Commissioner correctly observes, there is evidence in the record tending to support a finding of non-disability. . . . The Court therefore cannot say, as a matter of law, that [plaintiff] is entitled to benefits."); Guzman v. Comm'r of Soc. Sec., 2001 WL 1525259 at *3 ("Based on the administrative record, I do not find that remand for further development of the record would be purposeless.  To the extent it has been developed thus far, the administrative record suggests that the ALJ's findings were supported by substantial evidence."); see also Berman v. Comm'r of Soc. Sec., No. 06-CV-1186, 2007 WL 2178073 at *2 (E.D.N.Y. July 25, 2007) ("The Second Circuit, however, has made it quite plain that 'absent a finding that the claimant was actually disabled, delay alone is an insufficient basis on which to remand for benefits.'" (quoting Bush v. Shalala, 94 F.3d 40, 46 (2d Cir. 1996))).

[8/]     See also Berman v. Comm'r of Soc. Sec., 2007 WL 2178073 at *2 ("The Court has taken into account that [plaintiff's] claim for benefits has been pending for more than ten years. . . . Since the ALJ found that [plaintiff] could perform her past work, and since that finding may be, with further explanation and development of the record, supported by substantial evidence, the Court has no alternative but to remand for further proceedings."); Rodriguez v. Barnhart, 212 F. Supp. 2d 134, 137 (W.D.N.Y. 2002) ("[T]his Court cannot say with certainty . . . that plaintiff is clearly entitled to disability benefits.  As such, remand for calculation of benefits is inappropriate at this time.  It is indeed regrettable that this decision to remand for further administrative proceedings will delay the ultimate resolution of this case.  Nonetheless, the failure of the ALJ to properly analyze this case . . . compels this Court to return this matter to the Commissioner for further development of the record.").

On remand, the ALJ should obtain and consider Ramirez's complete Columbia Presbyterian Hospital medical records.[9]  See, e.g., Kercado v. Astrue, 2008 WL 5093381 at *2; Henderson v. Astrue, 2011 WL 197213 at *20; Kress v. Barnhart, 297 F. Supp. 2d 623, 624 (W.D.N.Y. 2004).

## CONCLUSION

For the reasons set forth above, the Commissioner's motion to remand should be GRANTED.  The Commissioner's decision should be reversed and the case remanded for further administrative proceedings consistent with this Report and Recommendation.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.[10]  Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 1310, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Daniels (with a courtesy copy to my chambers).  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); Ingram v.

---

[9]     The ALJ should note, as the Commissioner points out, that "much of the evidence supplied by plaintiff from his treating source is incomplete or missing pages." (Dkt. No. 19: Comm'r Br. at 8; see also R. 211-40; Dkt. No. 2: Compl. Attachments.)

[10]    If Ramirez requires copies of any of the cases reported only in Westlaw, he should request copies from the U. S. Attorney's Office.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009); SDNY-EDNY Local Civil Rule 7.2.

8

Herrick, 475 F. App'x 793, 793 (2d Cir. 2012); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d

1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984

F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S.

1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir.

1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d

234, 237-38 (2d Cir. 1983).

Dated:     New York, New York
           January 31, 2013

                                        Respectfully submitted,

                                        **Andrew J. Peck**
                                        United States Magistrate Judge

Copies to:   Ruben D. Ramirez (Mail)
             John E. Gura, Jr., Esq. (ECF)
             Judge George B. Daniels