UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBEN DARIO RAMIREZ,

                Plaintiff,

    -against-

MICHAEL J. ASTRUE, Commissioner of
Social Security,

                Defendant.



MEMORANDUM DECISION
AND ORDER

12 Civ. 2694 (GBD) (AJP)

GEORGE B. DANIELS, United States District Judge:

    Pro se Plaintiff Ruben Dario Ramirez brings this action pursuant to 42 U.S.C. § 405(g), challenging the final decision of the Defendant, the Commissioner of Social Security, denying his application for Supplemental Security Income and Disability Insurance Benefits. Plaintiff alleges that the Commissioner's decision was erroneous, not supported by substantial evidence, and contrary to law. Compl. ¶ 9. The Commissioner moved to remand the case, conceding that the Administrative Law Judge ("ALJ") who held Plaintiff's administrative hearing failed to consider pertinent medical evidence of his alleged mental disability when he failed to obtain the medical records from Plaintiff's treating mental health institution. This Court referred the motion to Magistrate Judge Andrew J. Peck for his Report and Recommendation ("Report"). Magistrate Judge Peck issued his Report on January 31, 2013, recommending that this Court remand the case to the Commissioner to more fully develop the record. Dkt. No. 22.

    The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C). When there are

objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72 (b); 28 U.S.C. § 636(b)(1)(C). The Court need not conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In his Report, Magistrate Judge Peck advised the parties that pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), failure to file timely objections to the Report would result in waiver of objections and preclude appellate review. No party objected to the report. As there is no clear error on the face of the record, this Court adopts the Report.

Magistrate Judge Peck properly concluded that the ALJ below failed to properly develop the administrative record. Social Security ALJs must "affirmatively develop the record" on behalf of all claimants. Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009). These duties are "heightened" when a claimant proceeds pro se. Id. at 113. The Commissioner concedes that by not considering Plaintiff's medical records, despite numerous indications that he was being regularly treated for alleged mental health issues, the ALJ failed to sufficiently develop the administrative record. See, e.g., Henderson v. Astrue, No. 07 Civ. 10564, 2011 WL 197213 at *19 (S.D.N.Y. Jan. 19, 2011) (ALJ insufficiently developed record when he failed to obtain

pertinent medical records). When the administrative record is insufficiently developed, remanding the case to the agency pursuant to § 405(g) is the appropriate remedy.[1]

## Conclusion

Defendants' Motions to Remand (Dkt. No. 18) is GRANTED. The case is REMANDED to the Commissioner of Social Security. The Clerk of the Court is directed to close this case.

Dated: February 15, 2013
   New York, New York

SO ORDERED

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

---

[1] While remanding the case will delay Plaintiff's receipt of any benefits that he might ultimately be owed, remand is the best possible current outcome for Plaintiff. Based on the current administrative record—which includes Plaintiff's own testimony that he regularly attended college classes, had no physical problems, and had worked in certain sales jobs—this Court would be unable to reverse the Commissioner's decision and award him benefits. See Rivera, 423 F. Supp. 2d at 279.

3